**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DRESSLER CONSULTING, LLC,

Plaintiff,

v.

RHAPSODY INTERNATIONAL, INC.,

Defendant.

Civil Action No. 2:26-cv-5137

**COMPLAINT**

Plaintiff Dressler Consulting, LLC ("Dressler"), by and through its attorneys, for its complaint against Defendant Rhapsody International, Inc. ("Rhapsody"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for an account stated and breach of contract, arising from Rhapsody's failure to pay for contracted software-development services Dressler performed for Rhapsody's "Napster" project under the parties' Master Services Agreement dated March 8, 2021 (the "MSA"). Rhapsody received and retained Dressler's invoices for years without any timely or specific objection, repeatedly acknowledged the debt it owed and promised payment, both orally and in writing, and made partial payments against the balance. Nevertheless, Rhapsody has failed and refused to pay the amount due, in disregard of the account stated and in breach of its contractual obligations.

## PARTIES

2. Dressler is a limited liability company organized under the laws of the State of New York, with its principal place of business at 1664 DeMott Ct., Merrick, New York 11566.

3. Dressler is wholly owned by a sole member, Christopher Dressler, who is domiciled in and a citizen of the State of New York.

4. Upon information and belief, Rhapsody is a corporation organized under the laws of the State of Delaware. The only principal place of business reflected in Rhapsody's state corporate filings is 1411 4th Avenue, Suite 1200, Seattle, Washington 98101, and Dressler is aware of no more recent principal place of business. Rhapsody is therefore a citizen of the States of Delaware and Washington for purposes of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District: Dressler performed the services at issue and issued the invoices at issue from its offices in Merrick, New York, within Nassau County.

7. Venue and personal jurisdiction are also proper in this District because, under Section 28.1 of the MSA, Rhapsody irrevocably and unconditionally agreed that it would not commence, and would not object to Dressler commencing, any action arising from or relating to the MSA in any forum other than the state or federal courts located in the State of New York sitting in Nassau County, and submitted to the exclusive jurisdiction of such courts.

## FACTUAL ALLEGATIONS

8. On March 8, 2021, Dressler and Rhapsody entered into the MSA, a true and correct copy of which is attached as Exhibit A. The parties also entered into signed Statements of Work governing the services (the "SOWs").

9. Pursuant to the MSA and SOWs, Dressler agreed to provide information-technology and software-development services to Rhapsody.

10. Dressler provided software-development services to Rhapsody pursuant to the MSA and SOWs.

11. By no later than April 2023, however, Rhapsody ceased remitting payment in full for Dressler's services as required under the MSA.

12. The software-development services Dressler provided under the MSA and SOWs were in connection with Rhapsody's "Napster" project.

13. Section 4.1 of the MSA requires Rhapsody to pay each Dressler invoice for work performed under the MSA within thirty (30) days of receipt.

14. Section 4.4 of the MSA provides that, except for invoiced amounts successfully disputed, late payments bear interest at the lesser of 1.5% per month or the highest rate permitted by applicable law, calculated daily and compounded monthly, and that Rhapsody must reimburse Dressler for all costs of enforcing the MSA, including attorneys' fees and costs.

15. Between on or about March 31, 2023 and August 7, 2023, Dressler issued to Rhapsody the following invoices for the software-development services it performed on the Napster project, and, where applicable, for late fees that had accrued pursuant to the MSA for delinquent and unpaid fees (collectively, the "Invoices"), true and correct copies of which are attached as Exhibit B:

a. Invoice No. NP03312023, dated March 31, 2023 and due April 30, 2023, in the amount of $121,645.36, including late payment charges that had accrued on prior delinquent invoices from December 2022 and January 2023;

b. Invoice No. NP04302023, dated April 30, 2023 and due May 30, 2023, in the amount of $107,771.72, including new late payment charges that had accrued on prior delinquent invoices from January and February 2023;

c. Invoice No. NP05312023, dated May 31, 2023 and due June 30, 2023, in the amount of $123,055.48, including new late payment charges that had accrued on a prior delinquent invoice from February 2023 and on the unpaid balance from March 2023 (i.e., Invoice No. NP03312023);

d. Invoice No. NP06302023, dated June 30, 2023 and due July 30, 2023, in the amount of $104,892.26, including new late payment charges that had accrued on the unpaid balances from March 2023 and April 2023 (i.e., Invoice Nos. NP03312023 and NP04302023);

e. Invoice No. NP07312023, dated July 31, 2023 and due August 30, 2023, in the amount of $70,909.09, including new late payment charges that had accrued on the unpaid balances from March, April, and May 2023 (i.e., Invoice Nos. NP03312023, NP04302023, and NP05312023); and

f. Invoice No. NP08312023, dated August 7, 2023 and due September 6, 2023, in the amount of $12,148.00.

16. The Invoices total $540,421.91.

17. Each of the Invoices was transmitted to, among others, Rhapsody's Chief Financial Officer, Peter Wylie, Rhapsody employee Brandon Wolf, and Rhapsody's accounts-payable email address, ap@rhapsody.com.

18. Rhapsody received each of the Invoices.

19. Rhapsody never made a timely or specific objection – orally or in writing – to any of the Invoices, to the work performed, to the hours billed, or to the amounts charged.

20. To the contrary, from no later than June 2023 through February 2024, Rhapsody, through Mr. Wylie and others, repeatedly addressed payment timing and liquidity and promised payment without making any contemporaneous objection to the work or amounts billed in the Invoices.

21. By way of example:

a. By email dated June 16, 2023, Mr. Wylie advised that Rhapsody had "released" payment on an overdue February 2023 invoice and, with respect to the subsequent overdue invoices issued by Dressler, would "be able to get caught up more in July";

b. By email dated July 25, 2023, after Dressler inquired as to the timing of payment on the overdue invoices, Mr. Wylie apologized "for the delay" and stated that Rhapsody would make a payment "before the month is out";

c. By email dated August 4, 2023, Mr. Wylie stated that "[p]ayment will be small tomorrow. That's all we can do";

d. By email dated November 29, 2023, Mr. Wylie stated that Rhapsody had not "closed any additional capital" and that he understood "if you and team need to take other measures as a result of the continued delay in payment"; and

e. By email dated February 28, 2024, Mr. Wylie stated that Rhapsody "will be able to make a payment next week."

22. On August 28 and 29, 2023, Rhapsody made two partial payments of $50,000 and $25,000, respectively, totaling $75,000, which Dressler credited against the outstanding account.

23. Even so, Rhapsody acknowledged that the remaining balance on the Invoices remained outstanding following the partial payments, including through the written statements of Mr. Wylie on November 29, 2023 and February 28, 2024, described above.

24. Rhapsody's receipt and retention of the Invoices without timely or specific objection, its repeated promises of payment, both orally and in writing, and its partial payments together establish an account stated between Dressler and Rhapsody as a matter of New York law.

25. On February 10, 2026, Dressler, through counsel, demanded payment of the outstanding account. The February 10 letter also demanded that Rhapsody pay all interest, costs and fees owed pursuant to the MSA.

26. Rhapsody did not respond to or dispute the demand, and it failed to remit to Dressler payment of any kind.

27. On July 17, 2026, Dressler, through New York counsel, sent a final pre-suit demand for payment of the outstanding account and for all interest owed thereon pursuant to the MSA.

28. Rhapsody again did not respond to or dispute the demand, and it again failed to remit any payment whatsoever.

29. Despite receiving each of the Invoices, retaining them without objection, repeatedly promising payment, making partial payments, and receiving two written demands, Rhapsody has failed and refused to pay the balance due.

30. As of the date of this filing, the unpaid balance of the Invoices remains $465,421.91 after crediting Rhapsody's $75,000 in partial payments.

31. Contractual interest under MSA § 4.4 continues to accrue, and the amount due under the contract will be established through judgment.

32. Under MSA § 4.4, Rhapsody is also liable for Dressler's attorneys' fees and enforcement costs.

**COUNT I (Account Stated)**

33. Dressler repeats and realleges each of the allegations in paragraphs 1 through 32 as though fully set forth herein.

34. Dressler rendered software-development services to Rhapsody.

35. Dressler furnished Rhapsody with the Invoices showing the amounts due for Dressler's services.

36. Rhapsody received each of the Invoices.

37. Rhapsody failed to object to, dispute, or question any of the Invoices within a reasonable time after receipt.

38. Rhapsody repeatedly acknowledged the invoiced debt, both orally and in writing.

39. Rhapsody also made partial payments against the acknowledged debt.

40. Given Rhapsody's failure to object to the Invoices within a reasonable time, its written acknowledgments of the invoiced debt, and its partial payments of that debt, an account stated arose between Dressler and Rhapsody.

41. Rhapsody expressly and impliedly promised to pay the amount shown due on the account stated.

42. Rhapsody has failed and refused to pay the amount due under the account stated.

43. Dressler has performed all conditions precedent to recovery on the account stated.

44. As a result, Dressler has been damaged in the unpaid stated balance of $465,421.91 after crediting Rhapsody's $75,000 in partial payments, plus prejudgment interest and costs as provided by law.

**COUNT II (Breach of Contract)**

45. Dressler repeats and realleges each of the allegations in paragraphs 1 through 32 as though fully set forth herein.

46. The MSA and SOWs are valid and binding contracts between Dressler and Rhapsody.

47. Dressler performed its obligations under the MSA and SOWs, including providing software-development services to Rhapsody and issuing invoices for those services.

48. Rhapsody breached the MSA by failing to pay the Invoices within thirty (30) days of receipt, as required by MSA § 4.1.

49. Pursuant to MSA § 4.4, Rhapsody is obligated to pay contractual interest on the unpaid balance of the Invoices, calculated at the lesser of 1.5% per month or the highest rate permitted by applicable law, calculated daily and compounded monthly, and to reimburse Dressler for all costs of enforcing the MSA, including attorneys' fees and costs.

50. As a result of Rhapsody's breach, Dressler has been damaged in an amount to be established through judgment, but in no event less than $800,000, including the unpaid invoice balance and contractual interest under MSA § 4.4.

51. Dressler has also been damaged in the amount of its attorneys' fees and costs, which it is entitled to recover pursuant to MSA § 4.4.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dressler Consulting, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Rhapsody International, Inc. as follows:

A. With the understanding that Dressler does not seek and claims no entitlement to a duplicative recovery under Counts I and II:

i. On Count I, awarding Dressler the unpaid stated balance of $465,421.91, plus prejudgment interest as provided by law;

ii. On Count II, awarding Dressler damages in an amount to be established through judgment, but in no event less than $800,000, including the unpaid invoice balance and contractual interest under MSA § 4.4 through entry of judgment;

C. Awarding Dressler post-judgment interest as provided by law;

D. Awarding Dressler its reasonable attorneys' fees pursuant to MSA § 4.4;

E. Awarding Dressler the costs of this action; and

F. Granting such other and further relief as the Court deems just and proper.

Dated: August 21, 2026
New York, New York

**TRIEF OLK & DROR**

By:______________________
Eyal Dror
New York Bar No. 4635900
800 Third Avenue, 29th Floor
New York, New York 10022
Tel: (212) 486-6060
Email: edror@triefandolk.com

Attorneys for Plaintiff Dressler Consulting, LLC

**DEEPLAW LLP**
548 Market Street #22
San Francisco, California 94104
Cameron Powell
*(pro hac vice applications forthcoming)*
Co-Counsel for Plaintiff Dressler Consulting, LLC