**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DRESSLER CONSULTING, LLC<br><br>Plaintiff,<br><br>v.<br><br>RHAPSODY INTERNATIONAL, INC.;<br><br>Defendant. | Civil Action No. 2:26-cv-05137-AYS<br><br>**DEFENDANT RHAPSODY INTERNATIONAL INC.'S ANSWER TO COMPLAINT** |

Defendant Rhapsody International, Inc. ("Rhapsody" or "Defendant"), by and through its undersigned counsel, answers the Complaint of Plaintiff Dressler Consulting, LLC ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant generally denies each and every allegation contained in the Complaint and denies that Plaintiff is entitled to any of the relief requested therein. Defendant further denies that Plaintiff is entitled to recover the alleged unpaid balance, contractual interest, prejudgment interest, attorneys' fees, costs, or any other relief requested in the Complaint.

///

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden that would otherwise rest with Plaintiff, Defendant asserts the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE
***Failure to State a Claim***

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
***Account Stated Barred***

Plaintiff's account-stated claim is barred, in whole or in part, because an account stated may not be used merely as an alternative means of collecting amounts allegedly due under a disputed contractual obligation.

### THIRD AFFIRMATIVE DEFENSE
***No Assent to Account Stated***

Plaintiff's account-stated claim is barred because Defendant did not expressly or impliedly assent to the correctness of the invoices, balances, charges, interest, late fees, or other amounts alleged by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
***No Underlying Indebtedness***

Plaintiff's account-stated claim is barred because an account stated cannot create liability where no underlying indebtedness exists, and Plaintiff has not established that the invoiced amounts were authorized, earned, or otherwise due under the parties' governing agreements.

**FIFTH AFFIRMATIVE DEFENSE**
***Lack of Contractual Authorization***

Plaintiff's claims are barred, in whole or in part, to the extent the services, personnel, hours, rates, expenses, late fees, or other amounts reflected in Plaintiff's invoices were not authorized by an applicable and enforceable Statement of Work, fee schedule, or other agreement between the parties.

**SIXTH AFFIRMATIVE DEFENSE**
***Plaintiff's Prior Material Breach***

Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached its contractual obligations before any alleged breach by Defendant, thereby excusing or limiting Defendant's further performance under the parties' agreements.

**SEVENTH AFFIRMATIVE DEFENSE**
***Failure of Performance***

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to fully and properly perform its obligations under the parties' agreements, including obligations concerning the nature, quality, scope, timing, authorization, and performance of the services allegedly provided.

**EIGHTH AFFIRMATIVE DEFENSE**
***Failure to Satisfy Contractual Prerequisites***

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy contractual prerequisites necessary to establish Defendant's alleged payment obligations, including establishing that the amounts claimed were authorized by an applicable Statement of Work, fee schedule, or other enforceable contractual provision.

**NINTH AFFIRMATIVE DEFENSE**
***Payment and Credit***

Plaintiff's claims are barred or reduced by all payments, credits, adjustments, reimbursements, and other amounts paid by, credited to, or otherwise attributable to Defendant.

**TENTH AFFIRMATIVE DEFENSE**
***Setoff and Recoupment***

Any recovery by Plaintiff must be reduced or extinguished by Defendant's rights of setoff and/or recoupment arising from Plaintiff's acts, omissions, breaches, performance, billing, charges, or other conduct relating to the transactions and agreements at issue.

**ELEVENTH AFFIRMATIVE DEFENSE**
***Contractual Limitations on Liability and Damages***

Plaintiff's claims and any recovery thereon are barred or limited by the limitations, exclusions, conditions, and restrictions contained in the parties' governing agreements, including, without limitation, the limitation-of-liability provisions contained in the Master Services Agreement.

**TWELFTH AFFIRMATIVE DEFENSE**
***Unauthorized and Improper Charges***

Plaintiff's claims for interest, late fees, compounded interest, attorneys' fees, costs, and other charges are barred or limited to the extent such amounts were not contractually authorized, were improperly calculated, are duplicative, or are otherwise unrecoverable.

**THIRTEENTH AFFIRMATIVE DEFENSE**
***Waiver***

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**
***Estoppel***

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel based upon Plaintiff's representations, conduct, omissions, and course of dealing concerning the services, invoices, amounts allegedly due, and obligations of the parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**
***Failure to Mitigate Damages***

Plaintiff's recovery, if any, must be reduced to the extent Plaintiff failed to take reasonable steps to avoid or mitigate its alleged damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**
***No Duplicative Recovery***

Plaintiff is not entitled to duplicative recovery under its causes of action for account stated and breach of contract.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
***Impossibility and Impracticability of Performance***

Plaintiff’s claims are barred, in whole or in part, to the extent Defendant’s performance of any alleged contractual obligation was rendered impossible or impracticable by circumstances beyond Defendant’s control, not caused by Defendant, and arising from unanticipated events that could not reasonably have been foreseen or guarded against in the parties’ agreements.

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**
***Frustration of Purpose***

Plaintiff's claims are barred, in whole or in part, to the extent unforeseen circumstances substantially frustrated or destroyed the principal purpose of the parties' agreements, such that the fundamental basis upon which the parties contracted no longer existed and Defendant's continued performance was thereby excused or discharged.

**NINETEENTH AFFIRMATIVE DEFENSE**
***Failure or Partial Failure of Consideration***

Plaintiff's claims are barred or reduced, in whole or in part, because the consideration contemplated under the parties' agreements failed, in whole or in part, including to the extent Plaintiff failed to provide the services, deliverables, performance, or other contractual benefits for which the amounts claimed were allegedly due.

**TWENTIETH AFFIRMATIVE DEFENSE**
***Accord and Satisfaction***

Plaintiff's claims are barred, in whole or in part, by accord and satisfaction to the extent the parties agreed to accept substituted payment, performance, or other consideration in full or partial satisfaction of the obligations alleged in the Complaint, and Defendant performed in accordance with that agreement.

///

///

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

***Modification***

Plaintiff's claims are barred or limited, in whole or in part, because the parties modified, supplemented, extended, or otherwise altered the terms governing payment, performance, timing, amounts due, or other obligations through subsequent agreement, course of dealing, or conduct, and Plaintiff's claims are inconsistent with those modified terms.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant has not yet completed its investigation or discovery concerning Plaintiff's allegations and presently lacks sufficient information to identify all defenses that may be available. Defendant therefore reserves the right to seek leave to amend or supplement this Answer pursuant to Federal Rule of Civil Procedure 15 to assert additional defenses, counterclaims, setoffs, recoupment rights, or other matters as may be warranted by facts or law learned through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Rhapsody International, Inc. respectfully requests that the Court enter judgment in its favor and against Plaintiff, deny Plaintiff the relief requested in the Complaint, award Defendant its costs to the extent permitted by law, and grant such other and further relief as the Court deems just and proper.

///

DATED: September 25, 2026 PESSAH LAW GROUP, PC

*/s/ Lilibet Behdadnia*

Lilibet M. Behdadnia, Esq.
PESSAH LAW GROUP, PC
745 5th Ave., Ste 500
New York, NY 10151-0099
(646) 814-5994
lbehdadnia@pessahgroup.com

Attorneys for Defendant
Rhapsody International Inc.