**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DRESSLER CONSULTING, LLC<br><br>Plaintiff,<br><br>v.<br><br>RHAPSODY INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No. 2:26-cv-05137-AYS<br><br>**DEFENDANT RHAPSODY INTERNATIONAL, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Rhapsody International, Inc. ("Rhapsody" or "Defendant"), by and through its undersigned counsel, submits this First Amended Answer ("Amended Answer") to the Complaint of Plaintiff Dressler Consulting, LLC ("Dressler" or "Plaintiff"). The Amended Answer is filed pursuant to Federal Rule of Civil Procedure 15(a)(2)(A) with Plaintiff's written consent, as reflected in the parties' stipulation dated October 13, 2026 and a further subsequent agreement between the parties.

## PRELIMINARY STATEMENT AND GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), (4) (5), Defendant denies each and every allegation of the Complaint, except those specifically admitted below, including any

allegation in an unnumbered paragraph, heading, exhibit, or prayer for relief. Defendant admits only (a) that Rhapsody and Dressler are parties to the Master Services Agreement dated as of March 8, 2021 (the "MSA"), and (b) the allegations concerning this Court's jurisdiction, in each case solely to the extent and as qualified below.

The Complaint's headings are repeated solely for ease of reference, and to the extent any heading contains factual allegations, those allegations are denied. To the extent a paragraph alleges legal conclusions, no response is required; to the extent a response is required, Defendant denies those conclusions.

Where the Complaint quotes, summarizes, characterizes, or attaches any document, including the MSA (Exhibit A), the Invoices (Exhibit B), and any emails or letters, the document speaks for itself, and Defendant respectfully refers the Court to it for its complete contents. Defendant denies any allegation or characterization inconsistent with the document. Except as expressly admitted below, Defendant lacks knowledge or information sufficient to form a belief about the authenticity, accuracy, or completeness of any such document, or whether it was prepared, sent, delivered, or received as alleged, and therefore denies those allegations. Allegations stating legal conclusions require no response. To the extent a response is required, they are denied.

Where Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of an allegation, that statement has the effect of a denial

under Fed. R. Civ. P. 8(b)(5). Defendant's investigation is continuing, and Defendant reserves the right to seek leave to amend this pleading upon further investigation.

## RESPONSES TO THE ALLEGATIONS OF THE COMPLAINT

### Nature of the Action

1. In response to paragraph 1, Defendant admits that Plaintiff purports to assert claims for account stated and breach of contract relating to software-development services and a March 8, 2021 Master Services Agreement ("MSA"). The Complaint speaks for itself. Defendant denies the remaining allegations of paragraph 1.

### Parties

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 and therefore denies them.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 and therefore denies them.

4. Defendant admits that it is a corporation organized under the laws of the State of Delaware. Defendant denies that its principal place of business is in Seattle, Washington. As of the date of filing of the Complaint, Defendant's principal place of business was located in Boca Rotan, Florida. The remaining allegations of paragraph

4 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4.

**Jurisdiction and Venue**

5. In response to paragraph 5, Defendant admits that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a). Defendant admits that Plaintiff demands more than $75,000, exclusive of interest and costs, but denies that Plaintiff is entitled to the amount demanded or to any recovery. Defendant lacks knowledge or information sufficient to form a belief concerning Plaintiff's citizenship and therefore denies those allegations.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest venue in this District, lacks knowledge or information sufficient to form a belief about where Plaintiff performed services or issued invoices, and denies the remaining allegations of paragraph 6.

7. In response to paragraph 7, Defendant admits Section 28.1 of the attached MSA contains a New York forum-selection provision and refers to courts sitting in Nassau County. The MSA speaks for itself. Defendant denies any characterization inconsistent with its text.

///

## Factual Allegations

8. In response to paragraph 8, Defendant admits that Rhapsody and Dressler entered into the MSA, dated as of March 8, 2021, and respectfully refers the Court to the MSA for its complete terms. Defendant denies any allegation or characterization inconsistent with their complete terms. Defendant denies the remaining allegations of paragraph 8, including the allegations concerning the existence and terms of any signed Statements of Work ("SOWs").

9. Defendant denies the allegations of paragraph 9 and respectfully refers the Court to the MSA for its complete terms.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant respectfully refers the Court to Section 4.1 of the MSA for its complete contents, including its provision that payment terms are subject to the applicable Statement of Work, and denies the allegations of paragraph 13 to the extent they are inconsistent with it.

14. Defendant respectfully refers the Court to Section 4.4 of the MSA for its complete contents and denies the allegations of paragraph 14 to the extent they are inconsistent with it. The MSA speaks for itself. Defendant specifically denies that Section 4.4 of the MSA authorizes the "late payment fee" charges reflected in Exhibit

B to the Complaint, and denies that Section 4.4 permits interest on amounts that Defendant has disputed.

15. The documents attached as Exhibit B to the Complaint speak for themselves, and Defendant respectfully refers the Court to them for their contents. Rhapsody lacks knowledge or information sufficient to form a belief about the authenticity, accuracy, or completeness of Exhibit B, whether any of the Invoices was issued, transmitted, or received on the dates or in the manner alleged, and whether the Invoices accurately reflect services performed under the MSA or any signed SOW, and therefore denies those allegations. Defendant denies that any late payment charges "accrued pursuant to the MSA," denies that it owes the amounts stated in the Invoices, and denies the remaining allegations of paragraph 15, including subparagraphs (a) through (f).

16. In response to paragraph 16, the invoices attached as Exhibit B speak for themselves as to the amounts reflected therein. Defendant denies that those amounts are accurate or owed.

17. Defendant lacks knowledge or information sufficient to form a belief about the manner in which, and the persons to whom, each Invoice was transmitted, and denies the remaining allegations of paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18, and therefore denies them.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant respectfully refers the Court to those alleged emails for their complete contents and context, denies Plaintiff's characterization of them, and denies the remaining allegations of paragraph 21, including that any such email acknowledged the amounts claimed.

22. Defendant lacks knowledge or information sufficient to form a belief about how Dressler credited those payments, and denies the remaining allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 24.

25. The February 10, 2026 letter referenced in paragraph 25, if any, speaks for itself, and Defendant respectfully refers the Court to it for its complete contents. Defendant lacks knowledge or information sufficient to form a belief about whether any such letter was sent, delivered, or received as alleged, or whether it was delivered in the manner required by Section 17.1 of the MSA, and therefore denies those allegations. Rhapsody denies that any interest, costs, or fees are owed, and denies the remaining allegations of paragraph 25.

26. Defendant admits that it has not made any payment to Dressler since February 10, 2026, and denies the remaining allegations of paragraph 26, including that any payment was owed.

27. The July 17, 2026 letter referenced in paragraph 27, if any, speaks for itself, and Defendant respectfully refers the Court to it for its complete contents. Defendant lacks knowledge or information sufficient to form a belief about whether any such letter was sent, delivered, or received as alleged, or whether it was delivered in the manner required by Section 17.1 of the MSA, and therefore denies those allegations. Rhapsody denies that any interest is owed, and denies the remaining allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30, and specifically denies that it owes $465,421.91 or any other amount.

31. Defendant denies the allegations of paragraph 31, and specifically denies that any contractual interest has accrued or continues to accrue.

32. Defendant respectfully refers the Court to Section 4.4 of the MSA for its complete contents, and denies the allegations of paragraph 32, and specifically denies that it is liable for Dressler's attorneys' fees or enforcement costs.

///

## Count I (Account Stated)

33. Defendant incorporates its responses to paragraphs 1 through 32 as if fully set forth herein.

34. In response to paragraphs 34-39, Defendant denies each allegation asserted under Count I that is not expressly admitted above.

35. Paragraphs 40-44 state legal conclusions to which no response is required. To the extent a response is required, Defendant specifically denies that the parties reached an express or implied agreement concerning the correctness of the invoices or the alleged balance, and that Defendant assented to an account stated, or that Plaintiff is entitled to judgment on Count I. Defendant denies the remaining allegations in paragraphs 40-44 to the extent a response is required.

## Count II (Breach of Contract)

36. Defendant incorporates its responses to paragraphs 1 through 35 as if fully set forth herein.

37. In response to paragraph 46, Defendant admits that the MSA is an agreement between Rhapsody and Dressler, subject to all of its terms, conditions, and limitations. The agreement speaks for itself. Defendant denies the remaining allegations of paragraph 46.

38. Defendant denies the allegations of paragraph 47.

39. Defendant denies the allegations of paragraph 48.

40. Defendant respectfully refers the Court to Section 4.4 of the MSA for its complete contents, and denies the allegations of paragraph 49.

41. Defendant denies the allegations of paragraph 50.

42. Defendant denies the allegations of paragraph 51.

43. Defendant denies each remaining allegation asserted under Count II that is not expressly admitted above and denies that Plaintiff is entitled to judgment on Count II.

**Plaintiff's Prayer for Relief**

44. No response is required to Plaintiff's demand for relief. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 51 of the Complaint, including subparagraphs A through F, or to any other relief against Defendant.

45. Defendant denies each allegation of the Complaint not expressly admitted in this Amended Answer.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden that would otherwise rest with Plaintiff, Defendant asserts the following affirmative and other defenses:

///

**FIRST AFFIRMATIVE DEFENSE**

***Failure to State a Claim***

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

***Account Stated Barred***

Plaintiff's account-stated claim is barred, in whole or in part, because an account stated may not be used merely as an alternative means of collecting amounts allegedly due under a disputed contractual obligation.

**THIRD AFFIRMATIVE DEFENSE**

***No Assent to Account Stated***

Plaintiff's account-stated claim is barred because Defendant did not expressly or impliedly assent to the correctness of the invoices, balances, charges, interest, late fees, or other amounts alleged by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

***No Underlying Indebtedness***

Plaintiff's account-stated claim is barred because an account stated cannot create liability where no underlying indebtedness exists, and Plaintiff has not established that the invoiced amounts were authorized, earned, or otherwise due under the parties' governing agreements.

///

///

## FIFTH AFFIRMATIVE DEFENSE

***Lack of Contractual Authorization***

Plaintiff's claims are barred, in whole or in part, to the extent the services, personnel, hours, rates, expenses, late fees, or other amounts reflected in Plaintiff's invoices were not authorized by an applicable and enforceable Statement of Work, fee schedule, or other agreement between the parties.

## SIXTH AFFIRMATIVE DEFENSE

***Plaintiff's Prior Material Breach***

Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached its contractual obligations before any alleged breach by Defendant, thereby excusing or limiting Defendant's further performance under the parties' agreements.

## SEVENTH AFFIRMATIVE DEFENSE

***Failure of Performance***

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to fully and properly perform its obligations under the parties' agreements, including obligations concerning the nature, quality, scope, timing, authorization, and performance of the services allegedly provided.

## EIGHTH AFFIRMATIVE DEFENSE

***Failure to Satisfy Contractual Prerequisites***

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy contractual prerequisites necessary to establish Defendant's alleged payment obligations, including establishing that the amounts claimed were authorized by an

applicable Statement of Work, fee schedule, or other enforceable contractual provision.

**NINTH AFFIRMATIVE DEFENSE**

***Payment and Credit***

Plaintiff's claims are barred or reduced by all payments, credits, adjustments, reimbursements, and other amounts paid by, credited to, or otherwise attributable to Defendant.

**TENTH AFFIRMATIVE DEFENSE**

***Setoff and Recoupment***

Any recovery by Plaintiff must be reduced or extinguished by Defendant's rights of setoff and/or recoupment arising from Plaintiff's acts, omissions, breaches, performance, billing, charges, or other conduct relating to the transactions and agreements at issue.

**ELEVENTH AFFIRMATIVE DEFENSE**

***Contractual Limitations on Liability and Damages***

Plaintiff's claims and any recovery thereon are barred or limited by the limitations, exclusions, conditions, and restrictions contained in the parties' governing agreements, including, without limitation, the limitation-of-liability provisions contained in the Master Services Agreement.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

***Unauthorized and Improper Charges***

Plaintiff's claims for interest, late fees, compounded interest, attorneys' fees, costs, and other charges are barred or limited to the extent such amounts were not contractually authorized, were improperly calculated, are duplicative, or are otherwise unrecoverable.

## THIRTEENTH AFFIRMATIVE DEFENSE

***Waiver***

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

***Estoppel***

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel based upon Plaintiff's representations, conduct, omissions, and course of dealing concerning the services, invoices, amounts allegedly due, and obligations of the parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

***Failure to Mitigate Damages***

Plaintiff's recovery, if any, must be reduced to the extent Plaintiff failed to take reasonable steps to avoid or mitigate its alleged damages.

///

///

**SIXTEENTH AFFIRMATIVE DEFENSE**

***No Duplicative Recovery***

Plaintiff is not entitled to duplicative recovery under its causes of action for account stated and breach of contract.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

***Impossibility and Impracticability of Performance***

Plaintiff's claims are barred, in whole or in part, to the extent Defendant's performance of any alleged contractual obligation was rendered impossible or impracticable by circumstances beyond Defendant's control, not caused by Defendant, and arising from unanticipated events that could not reasonably have been foreseen or guarded against in the parties' agreements.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

***Frustration of Purpose***

Plaintiff's claims are barred, in whole or in part, to the extent unforeseen circumstances substantially frustrated or destroyed the principal purpose of the parties' agreements, such that the fundamental basis upon which the parties contracted no longer existed and Defendant's continued performance was thereby excused or discharged.

**NINETEENTH AFFIRMATIVE DEFENSE**

***Failure or Partial Failure of Consideration***

Plaintiff's claims are barred or reduced, in whole or in part, because the consideration contemplated under the parties' agreements failed, in whole or in part,

including to the extent Plaintiff failed to provide the services, deliverables, performance, or other contractual benefits for which the amounts claimed were allegedly due.

**TWENTIETH AFFIRMATIVE DEFENSE**
***Accord and Satisfaction***

Plaintiff's claims are barred, in whole or in part, by accord and satisfaction to the extent the parties agreed to accept substituted payment, performance, or other consideration in full or partial satisfaction of the obligations alleged in the Complaint, and Defendant performed in accordance with that agreement.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
***Modification***

Plaintiff's claims are barred or limited, in whole or in part, because the parties modified, supplemented, extended, or otherwise altered the terms governing payment, performance, timing, amounts due, or other obligations through subsequent agreement, course of dealing, or conduct, and Plaintiff's claims are inconsistent with those modified terms.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
***Contractual Limitation of Liability***

Plaintiff's recovery, if any, is limited by Sections 12.1 and 12.2 of the MSA, which exclude consequential, incidental and special damages and cap each party's aggregate liability at the amounts paid or payable under the applicable Statement of Work preceding the event giving rise to the claim.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
***Failure to Comply with Governing Agreements***

Plaintiff's claims are barred or limited to the extent Plaintiff failed to comply with applicable provisions of the MSA, Statements of Work, or other governing agreements concerning authorization, documentation, recordkeeping, invoicing, performance, notice, or dispute resolution.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant has not yet completed its investigation or discovery concerning Plaintiff's allegations and presently lacks sufficient information to identify all defenses that may be available. Defendant therefore reserves the right to seek leave to amend or supplement this Amended Answer pursuant to Federal Rule of Civil Procedure 15 to assert additional defenses, counterclaims, setoffs, recoupment rights, or other matters as may be warranted by facts or law learned through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Rhapsody International, Inc. respectfully requests that the Court enter judgment in its favor and against Plaintiff, deny Plaintiff the relief requested in the Complaint, award Defendant its costs to the extent permitted by law, and grant such other and further relief as the Court deems just and proper.

///

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable as a matter of right pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

DATED: November 6, 2026 PESSAH LAW GROUP, PC

*/s/ Lilibet Behdadnia*

Lilibet M. Behdadnia, Esq.
PESSAH LAW GROUP, PC
745 5th Ave., Ste 500
New York, NY 10151-0099
(646) 814-5994
lbehdadnia@pessahgroup.com

Attorneys for Defendant
Rhapsody International Inc.

**CERTIFICATE OF SERVICE**

*DRESSLER CONSULTING, LLC v. RHAPSODY INTERNATIONAL, INC.*

USDC Case No.: 2:26-cv-05137-AYS

I hereby certify that on November 6, 2026, I electronically transmitted the following document described as **DEFENDANT RHAPSODY INTERNATIONAL, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** to the Clerk's Office of the United States District Court using the CM/ECF System for filing, and that the CM/ECF System will send a copy via electronic notice to all registered ECF participants.

*/s/ Lilibet Behdadnia*